UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY BELLAMY GRAHAM,

v.                                                    Case No. 3:01-cr-3-J-33TJC

UNITED STATES OF AMERICA.
_____

**O R D E R**

This cause is before the Court on Randy Bellamy Graham's motion for miscellaneous relief, specifically to reverse sentence computation error (Doc. 77), and the Government's motion to dismiss Graham's motion to reverse sentence computation error. (Doc. 79).

Background

On April 10, 2001, a jury found Graham guilty of knowingly and willfully possessing with intent to distribute a controlled substance (either cocaine or cocaine base, or both such substances) as charged in the Indictment.  The jury also found that the Government had proved, beyond a reasonable doubt, that the amount of cocaine base possessed by Bellamy was fifty grams or more.  (Doc. 46).

On August 2, 2001, the Court sentenced Graham to 262 months incarceration and judgment was entered.  (Docs. 53 and 54).  The United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.  (Doc. 68).

On May 5, 2008, this Court reduced Graham's sentence to a term of 210 months

incarceration, pursuant to 18 U.S.C. § 3582(c)(2), based on a guidelines sentencing range relating to powder and crack cocaine that had been lowered since the time Graham was sentenced. (Doc. 76).

On April 15, 2011, Graham filed the pending motion to reverse computation error, claiming that at his original federal sentencing hearing, he was erroneously assessed two points for having been on probation at the time he was charged and convicted of the federal offense. (Doc. 77). Graham claims that after he was sentenced in federal court, he successfully challenged this sentence of probation (that it was never ordered by the state court), and supports this claim with an Order Dismissing Conditional Release Warrant, issued by the Florida Parole Commission on November 1, 2005. It appears that Graham now seeks to have his guidelines range recalculated without the related two points.

This Court does not have jurisdiction to consider this claim. Most liberally construed, it appears that Graham has styled his motion as one seeking relief from the Bureau of Prisons (BOP) under 28 U.S.C. § 2241; however, he has not established that he has exhausted the administrative remedies available to him through the BOP. Alternatively, Graham could be seeking relief pursuant to 28 U.S.C. § 2255. However, even if the Court construes the *pro se* motion as seeking relief pursuant to Section 2255, this Court lacks jurisdiction because the motion was filed more than one year after his conviction became final, and more than one year after the event upon which he relies was known to him. Even if the motion were timely filed, however, Graham's claim is not cognizable under Section 2255.

## DISCUSSION

Title 28, United States Code, Section 2241 provides that a prisoner, after exhausting

his administrative remedies, may challenge the BOP's calculation of his federal sentence in a federal district court. *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir.1981). "A challenge to the lawfulness of the parole commission's actions, not the lawfulness of the sentence imposed by the court[,]" is the subject of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Hajduk v. United States*, 764 F.2d. at 796.

Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on four grounds only: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

Section 2255(f) establishes a one-year time limit, to run from the date the conviction becomes final, within which a defendant may file a habeas motion. Because "[a] fundamental purpose for the AEDPA was to establish finality in post-conviction proceedings[,]" the one-year limitations period for filing a section 2255 motion is mandatory and unequivocal. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002). Accordingly, even if a prisoner establishes that "extraordinary circumstances" occurred, he must still establish that he acted with due diligence to be entitled to tolling of the one-year time limit. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001).

Finally, Graham's complaint of a sentencing guidelines miscalculation is not cognizable on collateral review. Non-constitutional claims can be raised on collateral review

only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley,* 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). An allegation that a given sentence is contrary to the sentencing guidelines is a nonconstitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

In the instant case, Graham has failed to state whether he seeks relief from this Court, or from the Federal Bureau of Prisons.  In any event, he has not satisfied the statutory requirement for relief from either, leaving this Court unable to consider the motion. Furthermore, his claim is untimely and, even if it were properly raised in a timely manner, it is not cognizable.

Accordingly, the Court orders:

That the Government's motion to dismiss Graham's motion to reverse computation error (Doc. 79) is granted.  Graham's motion for miscellaneous relief, specifically to reverse a computation error (Doc. 77) is denied.

ORDERED at Tampa, Florida, on April 29, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: David Brown
Randy Bellamy Graham